FILED

SEP 2 8 2009

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DIANA MAXWELL                                          CV. 09-405-PK

                                                        OPINION AND ORDER

              Plaintiff,

v.

KELLY SERVICES, INC.

              Defendant.
_____

PAPAK, Magistrate Judge:

        Plaintiff Diana Maxwell alleges that her former employer, defendant Kelly Services,

refused to reinstate her to her former position as a supervisor after she returned from pregnancy

leave.  Maxwell's amended complaint states a state common law claim for wrongful discharge as

well as claims for pregnancy discrimination and retaliation under Oregon Revised Statute

sections 659A.029 and 659A.029, and under 42 U.S.C. § 2000.  She also asserts a claim under

the Family Medical Leave Act, 29 U.S.C. § 2617.  This court has jurisdiction under 28 U.S.C. §

§ 1331 and 1367.  Kelly Services' motion to compel (#12) is now before the court.  The court

OPINION AND ORDER – PAGE 1

heard oral argument on the motion.  For the reasons stated on the record, Kelly Services' motion is granted in part and denied in part, as follows:

Kelly Services' motion to compel is GRANTED in part as follows:

1.  Maxwell must produce the documents responsive to Requests for Production 5, 6 and 8 with the exception of documents prepared in anticipation of litigation.  Maxwell should provide a privilege log for each document that she withholds.

2.  Maxwell must respond to Interrogatories 1, 2, and 4 to the extent that her responses do not duplicate of information already provided in the production of documents.  Where appropriate, she may simply refer to the documents she has produced. In addition, Maxwell's responses need not provide a detailed account, but merely a date, or an approximate date, and brief description of the event.

3.  Maxwell must respond to Interrogatory 5 but need only provide information for the previous 10 years.

4.  Maxwell must respond to Requests for Production 9 and 10 by producing the records in her actual possession.  In addition, Maxwell must obtain and provide her medical records from 2009, as she has indicated those records contain relevant information.  Maxwell must execute a release to enable Kelly Services to obtain remaining medical records if it wishes.  Kelly Services must bear the cost of obtaining the additional medical records in light of the fact that they are unlikely to contain relevant information.

5.  In response to Interrogatories 6 and 7 and Request for Production 17, Maxwell must provide responses and documents related to her job search and employment after July 2007, including the reasons her employment terminated.

6.  In response to Interrogatory 9, Maxwell must provide the name, position held, approximate dates and brief description of the jobs she held from 1999 until the present.

7.  Maxwell must sign her responses to interrogatories.

Kelly Services' motion to compel should be DENIED in part as follows.

1.  With regard to Interrogatory 10, denied.

OPINION AND ORDER – PAGE 2

2.   With regard to Interrogatories 3, 8, 12 and Requests for Production 4, 7, 12, 18, 19, 20, denied as moot.

IT IS SO ORDERED.

Dated this 28th day of September, 2009.

Honorable Paul Papak
United States Magistrate Judge

OPINION AND ORDER – PAGE 3